### KUDNER *v.* MILLER.

1. VENDOR AND PURCHASER—APPLICATION OF INSURANCE MONEY.
   Where vendor and vendee agreed that insurance money collected by the vendor on a house on the premises destroyed by fire should be turned over to the vendee to assist in building a new house, but later the vendee consented that the vendor might retain the money if it was applied on future payments on the contract, the vendor, in accepting the money, was bound to apply it as agreed, and he had no right to apply it in reduction of the principal sum.

2. SAME—DEFAULT—SUMMARY PROCEEDINGS—APPLICATION OF IN-SURANCE MONEY.
   Where, in summary proceedings by the vendor for the possession of land sold on contract, it appears that if insurance money collected and retained by the vendor be applied on future payments on the contract, as agreed between the vendor and vendee, there would be no default, the vendee was entitled to judgment.

On the question as to right of purchaser of real property to benefit of insurance taken out by vendor, see annotation in L. R. A. 1918D, 938.

Case-made from Lapeer; Wixson (Walter S.), J. Submitted April 5, 1928. (Docket No. 45, Calendar No. 33,594.) Decided October 1, 1928.

Summary proceedings by Henry C. Kudner and another against Frank E. Miller for default in a land contract. There was judgment of restitution before the commissioner, and defendant appealed to the circuit court. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Herbert W. Smith,* for appellants.

*George W. Des Jardins,* for appellee.

McDonald, J. This suit had its inception in the commissioner's court of the county of Lapeer, Michigan. Its purpose was to recover possession of certain premises because of the alleged default by the defendant in payments on a land contract of purchase. On October 22, 1921, the plaintiffs sold the premises in question on land contract to one Minnie E. Van Dusen. At that time they were not the owners of the fee but held a vendee's interest in a contract of purchase from a Mr. Weston. Their contract with Miss Van Dusen provided that she should keep the building insured, the loss payable to the plaintiffs as their interest might appear. There was a similar provision in plaintiffs' contract with Mr. Weston. A house on the premises was insured for $2,000. It was destroyed by fire in the spring of 1923. The insurance was paid and was held by the plaintiffs for several months with the understanding that the money was to be used in building a new house on the premises, but before the plan to rebuild was carried out or attempted, Miss Van Dusen sold and assigned her interest in the contract

to the defendant, Frank E. Miller. In her negotiations, she represented to Miller that the insurance money would be used in constructing a new house on the premises. Miller wanted a better house than the insurance money would build, and at his suggestion Miss Van Dusen wrote a letter to Mr. Kudner in which she said:

"The man that I am expecting to sell to has asked me if I would write you to hold off a little about building the new house until we see if this deal is going through. If he buys the property, he wants to put some more money with the insurance money and build a better house. You wouldn't object to that, I am sure."

In response, Mr. Kudner wrote:

"I note what you say in your favor of August 1st, and believe it best to wait until the middle of August and let your prospect build a house on the farm, we to turn over the $2,000 insurance to him for a starter."

With this understanding, Mr. Miller took over the contract from Miss Van Dusen. He built a house on the premises which cost approximately $8,500, but, for some reason not explained in the record, did not receive the insurance money. He insisted that it should be used as they had agreed or be applied on the contract as far as it would go in satisfying future payments so that he could use all of his money in paying for the house. It is his claim that, with the understanding that it should be thus applied, he did not require the plaintiffs to turn the money over to pay building expenses as per agreement; that, when he learned they had credited the $2,000 on the contract in a lump sum in reduction of the principal and not on future payments and were claiming that

he was in default on his payments, he protested that such application was not according to their agreement and that nothing was due on the contract.

The plaintiffs admit that they agreed to use the $2,000 insurance money in assisting the defendant to build a new house, they admit that they did not do so, but say that they applied the money on the contract in a single credit in reduction of the principal without any understanding or direction from the defendant that it should be applied in a different manner. If their claim be true, the defendant is in default in his payments on the contract for principal and interest in the sum of $428.22. If the defendant's claim be true, he is not in default. These claims made up the issue which was tried by the circuit judge without a jury. He made findings of fact and of law. The plaintiffs proposed amendments thereto which were refused. Exceptions were filed. Judgment was entered for the defendant. The plaintiffs have brought error.

The case involves a simple question of fact, and that is whether there was any understanding as to how the $2,000 of insurance money was to be applied on the contract. In the absence of an agreement or understanding as to how the money was to be applied, Mr. Miller had no right to direct its application. It was not a payment from him. But there was an agreement that it should not be applied on the contract at all, that it would be turned over to Miller "for a starter" in building the house. This was not done. Mr. Miller agreed to waive the use of the money for building purposes and permit it to be credited on the contract in such a way that he would be relieved of future payments to that extent. He was forced to take that position because of the apparent reluctance of the plaintiffs to apply

the money on the building expenses. From the first, he insisted that if the money was not used as had been agreed, it should be applied on future payments on the contract as far as it would extend. He testified:

"In the application of this $2,000 I wanted it understood I would either get it to complete the house or apply it on the payments."

Mr. Kudner was under contract to use the insurance money to assist the defendant in building the house. Instead of using it for that purpose, the defendant gave him the alternative of applying it on the contract in a certain way. In accepting the alternative, Kudner accepted it with its condition. At that time he had no right to apply the money on the contract without Miller's consent, and Miller consented only on condition that it be applied on payments to become due. Under the circumstances, we think the circuit judge was right in holding that as a matter of law the $2,000 was applied on future payments, that there was nothing due on the contract, and that, therefore, the defendant was not in default.

The judgment is affirmed, with costs to the defendant.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.