## SHAW *v.* CRAMTON.

1. VENDOR AND PURCHASER—FORFEITURE—WAIVER—ESTOPPEL.

   Vendors, who had declared forfeiture of land contract, are not entitled to enforce same, where they accepted insurance money paid into court, which was applied on contract.

2. SAME—INSURANCE—RIGHT OF VENDEE TO INSURANCE MONEY TO REPLACE BUILDINGS.

   Vendee is not entitled to have insurance money applied to replace buildings destroyed by fire, in absence of stipulation in contract to that effect.

3. SAME—EQUITY—APPLYING INSURANCE MONEY ON CONTRACT.

   Where contract provided that fire insurance money, in case of loss, should be payable to vendors as their interest might appear, decree applying insurance money in reduction of purchase price was equitable, since both parties were thereby benefited.

Appeal from Wayne; Campbell (Allan), J. Submitted October 13, 1931. (Docket No. 89, Calendar No. 35,899.) Decided December 8, 1931.

Bill by William M. Shaw, personally and as assignee, against Adelbert E. Cramton and another to establish right to portion of insurance money for rebuilding burned property. Cross-bill by defendants against plaintiff to give effect to a forfeiture of a land contract. From decree rendered, both parties appeal. Affirmed.

*James H. Bayne (Fritz L. Radford,* of counsel), for plaintiff.

*Brown, Stoneman, Lorenzo & Springstun,* for defendants.

McDonald, J. The plaintiff is a vendee in a land contract for the purchase of a farm of 160 acres in Tuscola county, Michigan. The defendants are the vendors. On July 7, 1928, the barn and silo on the farm were destroyed by fire. They were insured in a policy taken out by the defendants before the sale to the plaintiff. The loss was adjusted at $3,800. The parties engaged in a controversy as to the application of the insurance money to their respective interests in the contract. The plaintiff filed this bill alleging his right to have a part of the money used to replace the buildings destroyed by the fire and the balance credited to him on the contract. The defendants, answering, denied the right of the plaintiff to have the money so applied, and, in a cross-bill for affirmative relief, asked that the court give full effect to a forfeiture which they had de-

clared on August 1, 1929, and decree that the plaintiff had no interest in the contract.

On the hearing, the court entered a decree directing that the forfeiture be set aside; that $1,654.32 of the insurance money be applied on two mortgages covering the property on which the defendants had defaulted; and that the balance, as well as the amount paid on the mortgages, be credited to the plaintiff on the contract. From this decree both parties have appealed. The plaintiff claims that the decree makes an inequitable application of the insurance money, and the defendants complain because the forfeiture was set aside.

The defendants accepted the decree by withdrawing the insurance money which had been paid into court by the company, and applying it as payments on the contract. In view of their acceptance of these payments they are not entitled to enforce the forfeiture. They have no good reason to complain of the decree.

As to the plaintiff, the decree gives him the benefit of the insurance; for the entire amount was to be applied on the balance of the purchase price, which is much in excess of the money received from the insurance. He was not entitled to have the insurance used to replace the buildings. There was no stipulation in the contract that it should be so used, and, after the fire, there was no oral agreement to that effect. In the absence of such an agreement, the vendee had no right to direct its application to that purpose. *Kudner* v. *Miller,* 244 Mich. 49.

There is no reason for complaint on the part of the plaintiff that the money was applied on the purchase price. He had paid only a small amount in reduction of the purchase price, and, at the time

of the hearing, was in default in the sum of approximately $2,200. The land contract provided that he should keep the buildings insured "the loss if any payable to the vendors as their interest may appear." He neglected to do this. The vendors had taken out a policy long before the sale to the plaintiff. It was in force and effect at the time of the fire. If it be held that this policy stands in the place of the one that the plaintiff should have taken out, the loss was payable to the vendors "as their interest may appear." Their interests were in the purchase price. When the money was applied on the purchase price their security therefor was increased to the extent that it had been reduced by the fire. And by such application the plaintiff was correspondingly benefited by a reduction of his indebtedness in like amount. By the decree both parties received the full benefits from the insurance. We think the court made a legal and equitable disposition of the controversy. Annotation in L. R. A. 1918D, p. 938.

The decree is affirmed. As both parties appeal, no costs are allowed.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.