BENNETT *v.* JOHNSON.

VENDOR AND PURCHASER—INSURANCE—APPLICATION OF INSURANCE
MONEY.

Where fire insurance policy, taken out by assignees of vendees
in pursuance of provision therefor in contract, provided that
in case of loss payment should be made to vendor and vendees
as their respective interests should appear, decree directing
payment of amount due on contract, on vendor's furnishing
proper deed and abstract, and balance to be paid to assignees,
was correct.

Appeal from Genesee; Gadola (Paul V.), J. Submitted December 2, 1931. (Docket No. 201, Calendar No. 36,028.) Decided January 4, 1932.

Bill by Stephen Bennett and another, as assignees of the vendee's interest in a land contract, against Arthur C. Johnson for an accounting of money collected for a loss by fire. Decree for defendant. Plaintiffs appeal. Affirmed.

*Cline & George,* for plaintiffs.

*Neithercut & Neithercut,* for defendant.

BUTZEL, J. Defendant Arthur C. Johnson is the vendor, and plaintiffs Stephen S. Bennett and wife are the assignees of the vendee's interest, in an executory contract for sale of property in Vienna township, Genesee county. The contract required the vendees to insure the buildings against loss by fire, in company and amount to be approved by vendor, and with policies properly indorsed, to protect the interest of both parties to the contract. A

policy of insurance taken out accordingly provided for payment of loss to plaintiffs and defendant as their respective interests should appear. After adjustment of a fire loss, a draft for $2,505.20 payable to plaintiffs and defendant was received from the insurer. Subsequent to the fire, plaintiffs sold the property on executory land contract to a third party who constructed a new building thereon at a cost in excess of the amount paid by the insurance company. Plaintiffs ask that the insurance money be turned over to them or that it be placed in the hands of a trustee to insure the payments on the contract. Defendant asks that the insurance be applied to the payment of the balance still due on the land contract, and the surplus be paid to plaintiffs. There is no material dispute on the facts.

On the hearing, it was shown that there was $2,278.76 still due on the contract, and that part of it was past due. The circuit judge decreed that the amount due defendant be paid to him upon his furnishing a proper deed, with abstract showing good title, and that the balance be paid to plaintiffs.

As there are no other agreements in reference to the insurance moneys than those in the contract and insurance policy as hereinbefore set forth, the court was absolutely correct in its decree. The case is ruled by *Kudner* v. *Miller*, 244 Mich. 49, and *Shaw* v. *Cramton, ante,* 293.

The decree is affirmed, with costs to defendant.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.