STEWART *v.* HUNT.

1. EASEMENTS—BURDEN OF PROOF.

> The burden of proving the existence of an easement is upon the claimant thereof.

2. SAME—PERMISSION.

> If a right of way rests on permission, such permission may be withdrawn at any time, however long continued.

3. SAME—ADVERSE USER—DURATION.

> In suit to enjoin defendants' use of a concrete walk between plaintiffs' and defendants' houses which had been built and rebuilt by the then owners on a cost sharing basis, but located entirely on plaintiffs' land, in which walk defendants claimed a perpetual easement, record *held,* to show that no user of the way by defendants themselves or any one of their predecessors in title, even if adverse, or user by a predecessor in title and his grantee with privity as to the easement was for a period of 15 years (3 Comp. Laws 1929, § 13964).

4. SAME—PERIODS OF ADVERSE USER—TACKING—PRIVITY.

> Periods of adverse user of a claimed easement appurtenant by successive owners of claimed dominant tenements cannot be tacked together to aggregate a 15-year period of prescription, where no single period amounts to 15 years, in the absence of any privity between the successive owners established either by references to the easement in their conveyances or by parol transfers thereof or of showing the way to be one of necessity (3 Comp. Laws 1929, § 13964).

5. EJECTMENT—POSSESSION.

> A party in possession of property may not bring ejectment to keep others off but must resort to a bill in equity.

6. EQUITY—RELIEF.

> Equity should not lend its aid to bring about a greater inequity.

7. INJUNCTION — WALLS — OVERHANGING EAVES — OBSTRUCTIONS — —STEPS—DOORS.

> In suit to enjoin defendants' use of concrete walk which had been built on plaintiffs' land, wherein it appears also that part of a wall of defendants' house was also on plaintiffs' land and that there were eaves and eaves troughs which hung over plaintiffs' land but did no damage thereto, no injunctive

relief as to wall or eaves is granted where none was asked, but obstruction of the way by the use of steps or outswinging doors is enjoined.

8. WILLS—PROBATE—PASSAGE OF TITLE—TIME.

The probate of a will is retroactive to testator's death, insofar as time of passage of title thereunder is in question.

9. SAME—NONRESIDENT TESTATOR—EXEMPLIFICATION OF PROBATED WILL AND RECORD.

In injunction suit wherein validity of probate proceedings through which plaintiffs acquired title to their property was questioned because will involved was that of a nonresident and a certified, rather than an exemplified, copy had been offered for probate in this State, curing of error is permitted before entry of decree by filing in local probate court of an exemplified copy of the will and record of foreign probate (Act No. 288, chap. 2, § 28, Pub. Acts 1939).

Appeal from Berrien; Evans (Fremont), J. Submitted April 14, 1942. (Docket No. 15, Calendar No. 41,846.) Decided October 21, 1942.

Bill by Allen Edgar Stewart, Georgie P. Stewart, and Flora Stewart Brookes against Margaret Hunt, Julia Hunt, Mary Hunt, William Bond and William Siebenmark to enjoin defendants from trespassing on the premises of plaintiffs, to quiet title and for other relief. Bill dismissed. Plaintiffs appeal. Reversed.

*White & White,* for plaintiffs.

*Harvey & Fisher,* for defendants.

BUTZEL, J. Plaintiffs and defendants respectively own substantial summer homes on adjoining pieces of property fronting on Lakeview avenue and extending to Lake Michigan in the village of Grand Beach, Michigan. Defendants' right to use a concrete walk approximately two feet in width between the two houses is the subject of this litigation. De-

fendants Hunt claim an easement by prescription in this walk or right of way. It is built entirely on the land belonging to plaintiffs, who filed this bill to restrain defendants from trespassing on plaintiffs' property by using the way, and to quiet title in plaintiffs. Plaintiffs dismissed the bill as to all defendants except the Hunts. After hearing, the circuit court dismissed the bill upon its merits. From this decree plaintiffs appeal.

Defendants claim a perpetual easement appurtenant in the walk. The burden of proving the existence of an easement is upon the claimant thereof. *Turner* v. *Hart,* 71 Mich. 128, 137 (15 Am. St. Rep. 243); *Dummer* v. *United States Gypsum Co.,* 153 Mich. 622, 642. If defendants' right to the way rests on permission, such permission may be withdrawn at any time, however long continued. *Wortman* v. *Stafford,* 217 Mich. 554, 558, 559. The record shows beyond any doubt, however, that, even assuming the user of the way by defendants and their predecessors in title to have been adverse, no owner in defendants' chain of title since the walk was first used owned defendants' land (and, hence, no such owner used the claimed way) for as long as 15 years.* The record is barren of any claim by defendants either that any conveyance in their chain of title refers to the claimed way or that any parol transfer of such way was made in connection with any such conveyance, except that Margaret and Julia Hunt testified that one Anna Brown, the real estate agent who handled the sale of defendants' land from their immediate predecessor in title, C. Walter Yandell, had told the Hunts, before the sale and in the presence of C. Walter Yandell, that the right of way in the concrete walk was used by both houses, "and was to

---

* See 3 Comp. Laws 1929, § 13964 (Stat. Ann. § 27.593).—RE-PORTER.

continue to be used by both parties.'' Construing this assertion as equivalent to a parol transfer of the claimed easement by C. Walter Yandell to the Hunts, because made in his presence and theirs and not objected to by him, we might find sufficient privity between defendants and C. Walter Yandell to enable them to tack his period of ownership of the land and user of the way to their own, but, even so, the two periods in combination do not aggregate 15 years. For a similar factual situation where the interest claimed was land not included in claimant's conveyance, rather than an easement not so included, see *Maes* v. *Olmsted,* 247 Mich. 180, 183.

Thus we are brought to the main question in the case. Can the periods of adverse user of a claimed easement appurtenant by the successive owners of the claimed dominant tenement be tacked together to aggregate the 15-year period of prescription, where no single period amounts to 15 years, in the absence of any privity between the successive owners established either by references to the easement in their conveyances or by parol transfers thereof in connection with such conveyances? We are mindful of the great number of decisions from other jurisdictions which answer this question in the affirmative. The law of this State, however, prohibits such tacking. *Zemon* v. *Netzorg,* 247 Mich. 563. Notwithstanding severe criticism of this decision (28 Michigan Law Review, pp. 81, 599), that case sets forth the applicable law of this State on this question. Any change, if desirable, should be accomplished by legislation, prospective in operation, rather than by judicial redecision, which would disturb vested rights.

Nor can the way in suit be claimed as a way of necessity. The exhibits in the record show that defendants or their predecessors could always have

built a walk across their own land from the street to their house. Indeed, several years prior to the present suit, defendants did build such a walk.

Plaintiffs' and defendants' lands were once united in ownership. Shortly after the walk was originally laid, the two parcels were severed, the common ·owner conveying plaintiffs' parcel and retaining defendants' himself. The grantee of plaintiffs' land paid the common owner one-half the cost of the two houses and intervening walk (then a board walk), because both parties believed that the dividing line between plaintiffs' and defendants' lands bisected the board walk lengthwise. Later, on the same assumption, when a cement walk was substituted for the board walk, the then owners of the two parcels each paid one-half the cost of putting in the cement walk. Surveys subsequently established that the true dividing line runs so as to include the entire walk and even a few inches of one of the walls of defendants' house on land belonging to plaintiffs. Though the cost-sharing scheme is similar to that in *Wilkinson* v. *Hutzel,* 142 Mich. 674, where we held that a roadway half on one owner's land and half on his neighbor's was merely a mutual accommodation founded in permissive user, the facts of the instant case are really less favorable to defendants herein than were those of the cited case to the claimant therein, because here the way is *entirely* on plaintiffs' land. As has already been held, however, even if the user herein be assumed to have been adverse, it did not continue a sufficient length of time in any one owner to ripen into prescription, and tacking will not, under the circumstances disclosed by this record, be permitted.

There is no merit to the claim that plaintiffs' proper remedy is ejectment. Plaintiffs are in possession of the land over which the way in dispute

lies. A party in possession may not bring eject-
ment, but must resort to a bill in equity. *Beaver* v.
*Zwonack,* 250 Mich. 96.

In their brief plaintiffs ask that defendants be
perpetually enjoined "from trespassing upon the
premises of the plaintiffs either by the use of the
steps and passageway or by the maintenance of the
encroaching overhanging of the eaves or the out-
swinging screen door." No relief is asked as to the
encroachment by the wall of defendants' house. The
eaves, attached to the top of this wall, do, of course,
project over the plaintiffs' land and passageway.
Their function, as disclosed by the exhibits, is the
retention and channeling off of rain water from de-
fendants' roof. Plaintiffs' passageway is thus bene-
fited by the eaves. Plaintiffs, in the statement of re-
lief sought in their brief, do not ask that the very
slight encroachment of defendants' wall on plain-
tiffs' property should be removed. The use of the
eaves and of the downspout attached to defendants'
house results in discharging the rain water from
defendants' roof onto defendants' own property,
rather than into the passageway. It is claimed that
defendants have a continuous easement in the right
to have the eaves overhang and that such right
passed to defendants' property on the severance of
the two tenements. *Morgan* v. *Meuth,* 60 Mich. 238.

Equity should not lend its aid to bring about a
greater inequity.

"Equity looks at the whole situation and grants
or withholds relief as good conscience dictates."
*Thill* v. *Danna,* 240 Mich. 595.

On the present record, we are not disposed to or-
der the removal of the eaves or eaves troughs or the
slight encroachment by defendants' wall or building
or the waterspout which is attached to defendants'

building. They do not interfere with plaintiffs' use or enjoyment of their property. The damage, if there be any under the conditions presented, is too trivial for us to consider. *De minimis non curat lex.* Defendants, however, may not obstruct the passageway by the use of steps or an outswinging door.

Defendants raise the further point that, as this is a bill to quiet title, it is incumbent upon plaintiffs to make out a good chain of title leading to that of plaintiffs, but that one of the links therein, consisting of a will from one of plaintiffs' remote grantors to their immediate grantors, was not even probated until after the hearing in the case at bar. The will was proved before decree was entered, and probate is retroactive to the testator's death, insofar as time of passage of title thereunder is in question. *Richards* v. *Pierce,* 44 Mich. 444; *Gray* v. *Franks,* 86 Mich. 382. But defendants further object to the validity of the probate proceedings, on the ground that the will therein offered for probate, which was a nonresident's will already probated outside Michigan, was required to be an exemplified copy of the original, whereas only a certified copy was offered. Act No. 288, chap. 2, § 28, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289-2 [28], Stat. Ann. 1941 Cum. Supp. § 27.3178 [98]). This is a serious, though technical, objection to plaintiffs' title, and can be cured by the filing of an exemplified copy of the will and record of foreign probate in the probate court for Berrien county before the entry of decree in this cause.

The decree is reversed and upon completion of the probate proceedings showing plaintiffs' title as hereinbefore indicated, plaintiffs may take a decree perpetually enjoining the defendants from trespassing upon the premises of the plaintiffs by using the steps and passageway as an easement or right of

way or otherwise encroaching thereon as indicated herein, with costs to plaintiffs.

CHANDLER, C. J., and BOYLES, NORTH, STARR, WIEST, BUSHNELL, and SHARPE, JJ., concurred.