## FRANCIS *v.* HUDSON.

1. EJECTMENT—POSSESSION.

Plaintiffs in an action of ejectment must show a present right to possession of the premises in dispute, that they were ousted or deprived of possession, or that possession was wrongfully withheld from them by the defendants in order to obtain relief (CL 1948, §§ 629.1–629.3, 629.7, 629.27).

2. SAME—POSSESSION—OTHER REMEDIES.

One who is in possession of real property may not sue in ejectment, but must resort to another form of remedy against anyone claiming an adverse interest or estate therein for the purpose of having such adverse estate or interest determined (CL 1948, §§ 629.1–629.3, 629.7, 629.27).

3. SAME—TANGIBLE PROPERTY.

Ejectment will not lie in this State for anything that is not tangible or capable of being delivered to the plaintiff by the sheriff under the writ of possession (CL 1948, §§ 629.1–629.3, 629.7, 629.27).

4. WASTE—EJECTMENT—VENDOR'S ACCEPTANCE OF INSURANCE PROCEEDS.

Waste may not be asserted by land contract vendors in an action of ejectment from premises of which they had retaken possession, after they had accepted proceeds from insurance policy payment for fire loss of house on the premises and applied such proceeds on the land contract.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 18 Am Jur, Ejectment §§ 40, 41.
[2] 18 Am Jur, Ejectment § 41.
[3] 18 Am Jur, Ejectment § 18.
[4] 18 Am Jur, Ejectment § 154.
  56 Am Jur, Waste § 36.
[5] 18 Am Jur, Ejectment § 139.
  53 Am Jur, Trial § 7.
[6] 14 Am Jur, Costs §§ 91, 92.

5. Appeal and Error—Remand—Amendment of Pleadings—Eject-
ment—Equity.

Ejectment plaintiffs, not entitled to relief in such action by way
of adjudication of foreclosure of land contract against de-
fendant purchasers whom plaintiffs had dispossessed, are rel-
egated on remand to right to move to amendment of pleadings
to assert an equitable cause of action within 30 days, where
defendants do claim rights in the premises (CLS 1961,
§ 600.2932).

6. Costs—Amendment of Pleadings.

Costs are awarded defendants, purchasers under a land contract,
in ejectment case upon affirmance of trial court's judgment
for them and denial of a new trial, unless plaintiff vendors
move for amendment of the pleadings and prevail, in which
case no costs are to be allowed (CLS 1961, § 600.2932).

Appeal from Alpena; Glennie (Phillip J.), J.
Submitted Division 3 January 18, 1965, at Grand
Rapids. (Docket No. 223.) Decided March 15,
1965. Motion for clarification denied May 28, 1965.

Declaration by Donald Francis and Adeline Fran-
cis against Roy O'Neal Hudson and Inus Lavernia
Hudson, jointly and severally, to eject defendants
from certain lands sold by plaintiffs to defendants
under a land contract. Judgment for defendants.
Plaintiffs appeal. Affirmed without prejudice to
amendment of pleadings within 30 days.

*Isackson & Beaudry,* for plaintiffs.

*Habermehl & Mandenberg,* for defendants.

Holbrook, J. This is an appeal from a judgment
for the defendants and appellees in an action of
ejectment brought by the plaintiffs and appellants.

On May 6, 1958, appellants, the vendors, and
appellees, the vendees, entered into a land contract,
for the sale and purchase of a parcel of land approx-

imately 27 acres, including a dwelling house, garage and other outbuildings thereon in Alpena county. The price was $6,500, with $1,000 down and the balance payable at $50 per month, including interest at 6%. The contract provided that vendees were to keep the property insured, not commit waste, not remove or destroy any of the structures on the premises, and further that if vendees did any of these things or failed to make monthly payments, the vendors could declare the entire contract balance due and forfeit the contract for such breach.

The premises were insured with loss payable, if any, to plaintiffs as their interests at time of loss may appear. On October 31, 1959, the dwelling house was destroyed by fire. The appellants claimed that the fire was commenced intentionally by the defendants and appellees. The trial court found that defendant, Roy Hudson, intentionally destroyed the house. However, the insurance company paid to the appellants the sum of $4,473.45, in April, 1960, for the loss. At the time of the fire, the balance due on the contract was $5,271.75, plus interest from September 5, 1959.

On May 7, 1960, appellants prepared and served a notice of intention to declare land contract forfeited, alleging nonpayment of principal and interest in the amount of $5,500, and nonpayment of taxes and insurance premiums as the reason for forfeiture. Notice of forfeiture followed and complaint to recover possession reciting same reasons for forfeiture was filed August 9, 1960. After hearing, the circuit court commissioner, on September 20, 1961, held:

*"That the contract is not in default because of the payment of certain insurance proceeds to complainants,* and the only issue being a question of whether or not defendants committed waste upon the premises.

"It is ordered that this commissioner is without jurisdiction to decide the question of waste *under the pleadings in this cause,* and;

"It is further ordered that the complaint to recover possession filed in this cause be dismissed, with costs to defendants." (Emphasis supplied.)

The appellants did not appeal from the decision of the circuit court commissioner of September 20, 1961.

Appellants thereafter served a new notice of intention to declare land contract forfeited on October 13, 1961, demanding payment of $1,116 plus taxes within 30 days. This notice was followed again by a notice of forfeiture sent on December 7, 1961. The appellants recited in said notices the failure of appellees to make payments, pay taxes and insurance, in accordance with the terms of the contract and in addition thereto claimed waste or damage to the property contrary to paragraphs 4 and 6 of the contract, by the appellees, as grounds for forfeiture.

Action of ejectment was filed in the circuit court on January 2, 1962, seeking to recover possession of the property claiming defendants and appellees in violation of the provisions of the land contract.

Some time prior to the deer hunting season, November 15, 1961, the appellants went into possession of the property, placed locks upon the buildings thereon, put up wires for a gate, and ordered the defendants and appellees to get out and not to go again upon the property. Appellants rented the property during the deer hunting season of 1961 to certain individuals who fixed the garage and lived on the property during the said deer hunting season. The appellants have exercised control over and been in possession of said property from that time until

the trial of the case. Appellants at the trial maintained they were in possession of the property.

Appellees rented the property during the deer hunting season of 1961 to certain friends who were denied admittance to the property by the appellants' lessees and prospective purchasers. The appellees have not been on the property nor anyone under them since the time appellants went into possession prior to November 15, 1961.

The learned trial judge in his opinion of August 22, 1962, found:

"The unappealed determination of the circuit court commissioner as to the amount due under a forfeited land contract is *res judicata.* Hence, this court is limited in its decision to any amounts due for unpaid monthly payments, taxes, and insurance since December 20, 1961, this being the date of the judgment of the circuit court commissioner.

"Defendants contend that after plaintiffs received the insurance proceeds they made a tender of one of the payments due under the contract. Plaintiffs deny such offer but defendants admit that they discussed with defendants the question of preparing a new land contract. In this respect, plaintiffs testified that the new arrangement was agreeable provided that defendants would make some of the back payments. It is evident that this arrangement was not carried out inasmuch as plaintiffs immediately declared a forfeiture of the land contract after the circuit court commissioner's judgment and instituted this action for ejectment to recover possession of the premises. There is no question before the court as to the validity of plaintiffs' title but only a question of right of possession. In this respect, plaintiffs have dispossessed defendants inasmuch as they have admitted locating the premises and refusing defendants admission to the premises and agreed to sell the premises to one William Dunbar, such sale being made prior to November 15, 1961. The

plaintiffs by their own acts have dispossessed defendants from possession of the premises; and, under those circumstances, the action of ejectment is not available to them as a remedy of foreclosure.

"The sole remaining question is whether plaintiffs can rely on the intentional waste committed by the defendant, Roy Hudson. The premises were insured and plaintiffs accepted the full amount of the value of the buildings which were destroyed by fire. Acceptance of the insurance proceeds for this loss precludes plaintiffs from asserting waste in this action of ejectment.

"Judgment for defendants."

Thereafter, judgment in accordance with the opinion was filed August 28, 1962. A motion was made for a new trial by the plaintiffs and appellants which was denied in an order filed October 31, 1962. The following excerpt appears in said order:

"Inasmuch as the plaintiffs had completely dispossessed the defendants, they are not in a position to pursue the remedy of ejectment.

"This dilemma is of plaintiffs' own choosing, and it is apparent that it can only be remedied by filing a bill in equity."

The statutory provisions for the action of ejectment provided in part:

CL 1948, § 629.1 (Stat Ann § 27.1914):

"The action of ejectment is retained, and may be brought in the cases and in the manner heretofore accustomed, subject to the provisions hereinafter contained."

CL 1948, § 629.2 (Stat Ann § 27.1915):

"The action of ejectment may also be brought:
"(1) In the same cases in which a writ of right might formerly be brought to recover lands, tenements, or hereditaments, and by any person claim-

ing an estate therein, in fee, or for life, either as heir, devisee or purchaser;

"(2) By any widow entitled to dower, or by a woman so entitled and her husband, after the expiration of 6 months from the time her right accrued, to recover her dower of any lands, tenements, or hereditaments."

CL 1948, § 629.3 (Stat Ann § 27.1916):

"No person can recover in ejectment, unless he has at the time of commencing the action a valid, subsisting interest in the premises claimed, and a right to recover the possession thereof, or of some share, interest or portion thereof, to be proved and established at the trial."

CL 1948, § 629.7 (Stat Ann § 27.1920):

"It shall be sufficient for the plaintiff to aver in his declaration, that on some day therein to be specified, and which shall be after his title or right accrued, he was possessed of the premises in question, describing them as hereinafter provided, and being so possessed thereof that the defendant afterwards, on some day to be stated, entered into such premises, and that he unlawfully withholds from the plaintiff the possession thereof, to his damage, any nominal sum the plaintiff shall think proper to state."

The relief provided for in the statute in ejectment actions as of the date of the trial of said matter appears in CL 1948, § 629.27 (Stat Ann § 27.1940):

"The plaintiff recovering such judgment shall be entitled to a writ of possession, which shall be substantially in the following form:
In the name of the People of the State of Michigan. To the sheriff of the county of ...................:
"Whereas, A. B. has lately, in our circuit court for the county of .........., by the judgment of such court, recovered against C. D. the following described premises, to-wit: (describing the premises

recovered with like certainty as above provided), which said premises have been and are still unjustly withheld from the said A. B. by the said C. D., whereof he is convicted as appears to us of record, and for as much as it is adjudged in the said court that the said A. B. have execution upon said judgment against the said C. D. according to the force, form and effect of his said recovery; Therefore we command you that without delay you deliver to the said A. B. possession of the said premises so recovered, with the appurtenances, and that you certify to our said court at, etc., on, etc., in what manner you shall have executed this writ."

It is clear to this Court that under the applicable statute concerning the action in ejectment that plaintiffs were required to show in addition to a present right to possession of the premises in dispute, that they were ousted or deprived of possession, or that possession was wrongfully withheld from them by the defendants, in order to obtain relief.

The general rule is found in 18 Am Jur, Ejectment, § 41, p 42:

"It is well established that in order to maintain the action or statutory substitute therefor, the plaintiff must show not only that he has a present right to possession of the premises in dispute, but also that he has been ousted or deprived of possession* or that possession is wrongfully withheld from him by the defendant. One who is in possession of real property may not sue in ejectment, but must resort to another form of remedy against anyone claiming

---

* *Harrington* v. *City of Port Huron* (1891), 86 Mich 46, 51 (13 LRA 664). "Ejectment will not lie in this State for anything that is not tangible or capable of being delivered to the plaintiff by the sheriff under the writ of possession. Here the judgment was rendered upon the verdict of the jury for the premises described in the first count of the plaintiff's declaration, such verdict having been directed by the trial court. A writ of possession, under such judgment, would only put the plaintiff in possession of what he could at any time have had without the aid of the court,"

an adverse interest or estate therein for the purpose of having such adverse estate or interest determined."

It has been determined in Michigan that one in possession of land may not maintain an action in ejectment. See *Stewart* v. *Hunt* (1942), 303 Mich 161, p 165, wherein it is stated by Mr. Justice BUTZEL:

"There is no merit to the claim that plaintiffs' proper remedy is ejectment. Plaintiffs are in possession of the land over which the way in dispute lies. A party in possession may not bring ejectment, but must resort to a bill in equity. (*Beaver* v. *Zwonack,* 250 Mich 96.)"

Also, in *Frank* v. *Coyle* (1944), 310 Mich 14, Mr. Justice BOYLES stated on p 16:

"Ejectment proceedings would not have afforded plaintiff any adequate remedy, because he could not recover possession of land when he was already in possession of it."

In the case of *Beaver* v. *Zwonack* (1930), 250 Mich 96, Mr. Chief Justice WIEST stated on pp 97, 98:

"Plaintiffs cannot bring ejectment, for they are in possession. Plaintiffs established right to possession of the disputed strip, and the court of equity had jurisdiction to enjoin a continuing trespass by defendants.     *   *   *
"The issues in the case at bar and the question of jurisdiction are ruled by *F. H. Wolf Brick Company* v. *Lonyo,* 132 Mich 162 (102 Am St Rep 412).   *   *   *
There, plaintiff and defendant owned adjoining lands. The bill alleged that the line fence between them had been established for more than 20 years, and had been recognized by the parties as the true line. Defendant attempted to tear down this fence, and did tear down some with the intention of erecting a new line fence 6 feet easterly of the old fence.

The relief sought was a perpetual injunction prohibiting the removal of the fence. The defendant admitted the tearing down of a part of the fence with intention to erect a fence upon what he claimed to be the true line. This court stated [p 164]:

" 'That complainant was in possession on the 17th day of July, when defendant commenced to remove the fence, is clearly established by the evidence. It, being in possession, could not bring an action of ejectment; the defendant could. It was his clear duty to do so, rather than to attempt by force to remove this old fence to the line which he claimed. *Wilmarth* v. *Woodcock*, 66 Mich 331, 336. Complainant was under no obligation to stand by, see the defendant build the fence upon another line, and then bring an action of ejectment.' "

There appears ample evidence and law to justify the trial judge's determination that plaintiffs could not rely on intentional waste committed by defendant, Roy Hudson. The premises were insured in accordance with the terms of the land contract with loss, if any, payable to the plaintiffs as their interests may appear. After the house burned, the plaintiffs accepted the proceeds of the insurance to the full extent of the value of the house in accordance with the terms of the land contract. They applied the same upon the land contract as evidenced by the second notice of forfeiture wherein the balance declared to be remaining due and payable was the sum of $1,116. The acceptance and applying of said insurance proceeds on the land contract precluded them from asserting waste in the action of ejectment. See *Shaw* v. *Cramton* (1932), 256 Mich 293. *Bennett* v. *Johnson* (1932), 256 Mich 557.

On January 1, 1963, the revised judicature act, PA 1961, No 236 (CLS 1961, § 600.101 *et seq.* [Stat Ann 1962 Rev § 27A.101 *et seq.*]), went into effect. In this act there was substituted for the legal action

of ejectment, an equitable action in nature, being CLS 1961, § 600.2932 (Stat Ann 1962 Rev § 27A-.2932).

"(1) Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.    *    *    *
"(3) If the plaintiff established his title to the lands, the defendant shall be ordered to release to the plaintiff all claims thereto. In an appropriate case the court may issue a writ of possession or restitution to the sheriff or other proper officer of any county in this State in which the premises recovered are situated."

It appears to this Court that the plaintiff and appellants improperly brought their action in law in ejectment instead of in equity where all of the issues could have been properly determined. The trial judge indicated this in his denial of plaintiffs' motion for a new trial.

The judicature act in effect at the time of the commencement of the ejectment action provided for transfer of suits and actions within the court. (CL 1948, § 611.2 [Stat Ann § 27.652].)

"If at any time it appear that a suit commenced in equity should have been brought as an action on the law side of the court, or if it appear that an action commenced on the law side of the court should have been brought in equity, it shall be forthwith transferred to the proper side, and be there proceeded with, with only such alteration in the pleadings as shall be essential."

In the case of *Michigan Bean Company* v. *Burrell Engineering & Construction Company* (1943), 306

Mich 420, we find the above act operative by reason of the Supreme Court on review permitting transfer from the equity side to the law side of the court. Mr. Justice BUTZEL stated on pp 421, 423, 428:

"The Michigan Bean Company filed a bill, entitled a 'Bill to remove cloud on title and for injunction,' against Burrell Engineering & Construction Company, an Illinois corporation (referred to herein as "Burrell") and four materialmen, three of whom it is alleged had filed claims for liens against plaintiff's property. The litigation arose out of a contract entered into by Burrell to erect for plaintiff an elevator, warehouse, and office building which were constructed on plaintiff's property at Merrill, Michigan. * * *

"Plaintiff's claims for equitable relief, as set forth in the bill of complaint, were based on the breach of plaintiff's version of the contract and the suits and actions of the materialmen separately and also in conjunction with Burrell. The bill was not for specific performance, for the contract already had been performed even though, as claimed by plaintiff, the work was improperly done. Upon the final decree, the judge dismissed the bill of complaint as to all defendants except Burrell. This left a plain action arising from a dispute over a building contract between plaintiff and Burrell. In the final decree the court gave no injunctive or equitable relief. The dismissal of the bill as to the other defendants with the exception of Burrell stripped the case of all grounds for equitable relief. The decree awarded money damages to plaintiff against Burrell for failure to complete the contract, defective workmanship, delay in performance, and overpayment. * * *

"Decree may be entered dismissing the bill of complaint, with costs of both courts to defendant Burrell, but without prejudice to the rights of either party to transfer the case to the law side of the

court by filing a declaration within 30 days after decree is entered in this court."

Also, see *Youngs* v. *West* (1947), 317 Mich 538, and *Kamulski* v. *Head* (1947), 317 Mich 132.

Under the circumstances in this case, the plaintiffs and appellants find themselves in an untenable position by reason of their taking possession of the property and dispossessing the defendants and appellees. Under the present judicature act and court rules, they could not find themselves in their present position. If the purpose of the plaintiffs in bringing the action in ejectment was to obtain a trial by jury, they chose not to exercise that right. If it was to eliminate any possible interest that the defendants and appellees had, by reason of the land contract, they should not have ousted defendants and taken possession themselves. Plaintiffs are entitled to have their rights adjudicated. Disputes between parties should be determined with the minimum of delay, inconvenience, and expense. The trial judge properly decided the case under the applicable law at the time.

Judgment of the circuit court is affirmed without prejudice to the right of plaintiffs to amend their pleadings within 30 days after judgment is entered in this Court to assert such equitable cause of action as they may deem advisable.* In view of the conclusion reached, other questions raised by appellants are not controlling of decision. Costs to defendants and appellees, unless plaintiffs and appellants amend as herein provided and prevail. In such case, no costs to be allowed.

FITZGERALD, P. J., and BURNS, J., concurred.

---

* Under Const 1963, art 6, and the permissive provisions of the revised judicature act, PA 1961, No 236, § 223(5) (CLS 1961, § 600.223[5], Stat Ann 1962 Rev § 27A.223[5]), and GCR 1963, the historic distinctions between law and equity, are abolished, as far as practicable.