WILSON v FIREMAN'S INSURANCE COMPANY OF NEWARK,
NEW JERSEY

Docket No. 61031. Decided August 30, 1978. On application by plaintiffs for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals and reinstated the judgment of the circuit court. Rehearing denied *post,* p 958.

Clendry and Ruth Wilson, the buyers of a house under a land contract, brought an action for damages for failure to include the plaintiffs as insureds or as payees on a fire insurance policy covering the premises against Fireman's Insurance Company of Newark, New Jersey, and Christian J. and Esther York, the land contract sellers. The Yorks had continued an insurance policy which was in effect at the time they entered into the land contract and added the premiums to the balance due, as provided in the land contract, when the plaintiffs failed to obtain new insurance. The Saginaw Circuit Court, Fred J. Borchard, J., granted a judgment for the plaintiffs for the full amount of the insurance policy. The Court of Appeals, Danhof, C.J., and Allen and Heading, JJ., reversed on the ground that the insurer's derivative liability to the plaintiffs was limited to the extent of the vendor's interest remaining under the land contract (Docket No. 77-395). Plaintiffs apply for leave to appeal. *Held:*

There is no ·evidence in this record to indicate that the insurance premium was less than the usual rate for the type of house in question, and it cannot be said that the risk to the insurer was increased by this transaction. Based on the land contract, and the fact that the buyers paid the insurance premiums, they are entitled to the proceeds, less the amount of the sellers' interest. There was support in the record for the judgment for the plaintiffs as to their personal property loss. An agreement to indemnify the insurance company signed by Mrs. York is unsupported by consideration, and therefore void.

The judgment of the Court of Appeals is reversed and the judgment of the circuit court is reinstated.

80 Mich App 790; 265 NW2d 49 (1978) reversed.

*Joseph J. Trogan* for plaintiffs.

PER CURIAM. We are asked to decide whether an insurer is liable to an insured land contract vendor for the full amount under a fire insurance policy or is only liable to the extent of the vendor's interest remaining under the land contract. The trial court found that the insurer was liable for the full amount, and we agree.

The plaintiffs, Mr. and Mrs. Wilson, were purchasing a house from Mr. and Mrs. York for $4,500, under a land contract of February 28, 1966. Under the contract, the plaintiffs were required to provide fire insurance for the sellers' benefit, with proceeds to be applied to the amount due on the contract, and any balance to belong to the buyers. The contract also provided that if the buyers failed to maintain the insurance, the sellers could obtain it and add the premium amount to the balance owed.

The plaintiffs did not obtain insurance, and the Yorks continued the policy in effect at the time the contract was entered into, adding the cost to the balance due. The policy limits were $6,000 on the house, and $3,500 on its contents.

On December 3, 1970, a fire destroyed the house and its contents. On September 26, 1971, the insurer paid Mrs. York (Mr. York having died in the interim) $2,506.24, for her claim under the policy, representing the amount due on the land contract. Before receiving payment, Mrs. York was required to sign an agreement to indemnify the insurer, in the event that it was required to pay claims by the plaintiffs and by the estate of her deceased husband.

The plaintiffs brought an action against the insurer, Fireman's Insurance Company, and Mrs. York, claiming a right to payment under the insurance contract between the defendants, for the

loss they suffered. The plaintiffs were granted a judgment against the insurer for $6,993.76.[1]

The Court of Appeals reversed, holding that the insurer's liability was limited, due to its lack of knowledge concerning the plaintiffs or their interest in the property, and language in the policy which provided, *inter alia,* that the policy insures the insured "to the extent of the actual cash value of the property at the time of loss * * * nor in any event for more than the interest of the insured". The policy[2] language follows the wording provided

---

[1] The trial judge stated the basis for his decision, in part:

"The insurance company may not withhold payment of the full amount of the policy, merely because the land contract vendor's insurable interest in the property did not equal the amount of the policy benefits. The insurance company was required to pay the full benefits to the vendors who then hold the remaining amount in a constructive trust for the benefit of the vendee. Since this is an equitable action, it is unnecessary at this time to require payment to the vendor, but this court will order payment of the balance owed to be paid to the vendee. Defendant's position that they are not required to make such a payment because they have no privity of contract with the vendee is inapplicable in the instant case, because the vendees were third-party beneficiaries. This was clearly a mistake on the part of the insuring vendors, since they had a contract with the vendee, and equity may intervene to carry out the intent of the parties. The insurance company would not have changed its policy if they had known, but would have provided for a division of proceeds. Therefore the insurance company cannot claim they are prejudiced by the result. Since the. vendee had paid for the contract they are entitled to the proceeds, less the amount of the vendor's insurable interest in the property."

[2] "[F]or the term of years specified above from inception date shown above at noon (standard time) to expiration date shown above at noon (standard time) at location of property involved, to an amount not exceeding the amount(s) above specified, does insure the insured named above and legal representatives, to the extent of the actual cash value of the property at the time of the loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss, without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair, and without compensation for loss resulting from interruption of business or manufacture, nor in any event for more than the interest of the insured, against all DIRECT LOSS BY FIRE, LIGHTNING AND BY REMOVAL FROM PREMISES ENDANGERED BY THE PERILS INSURED AGAINST IN THIS POLICY, EXCEPT AS

in MCL 500.2832; MSA 24.12832. The panel also stated that the plaintiffs' interests were derivative, and the fact that they were required, under the land contract terms, to pay the insurance costs, did not give them an equitable interest in the proceeds. 80 Mich App 790; 265 NW2d 49 (1978).

We find no Michigan cases that have specifically addressed this issue. In *[State Mutual Fire] Ins Co v Updegraff,* 21 Pa 513 (1853), the Pennsylvania Supreme Court considered this question and rejected the insurance company's claim that its liability under a policy insuring a land contract vendor was limited to the value of his beneficial interest:

"An insurance upon a house, effected by the vendor, is prima facie an insurance upon the whole legal and equitable estate, and not upon the balance of the purchase-money. Where the form of the policy shows it to be upon the house, and not upon the debt secured by it, the burthen of showing that the insurance was upon the latter and not upon the former, rests upon the underwriters. There is no hardship in this. The premium paid, as compared with that usually charged where the insurance is upon houses, and not upon debts secured by them, is generally decisive of the question, and the rates of insurance are peculiarly within the knowledge of the insurance company. If the insurance was upon the whole estate, the premium would be according to the usual rates for houses of that description and location; if it was only upon the debt due to the vendor, there would be a large reduction, on account of the responsibility of the vendee, and the value of the lot of ground included in the sale, because both of these would, in that case, stand as indemnities to the underwriters. They would be entitled to a cession of the

HEREINAFTER PROVIDED, to the property described herein while located or contained as described in this policy, or pro rata for five days at each proper place to which any of the property shall necessarily be removed for preservation from the perils insured against in this policy, but not elsewhere."

vendor's claims, from which an ample indemnity might be recovered. If the lot was worth the balance of the purchase-money, there would be no risk whatever, and the premium would be quite insignificant." 21 Pa 513, 520.

*Dubin Paper Co v Insurance Co of North America,* 361 Pa 68; 63 A2d 85; 8 ALR2d 1393 (1949), is in accord with *Updegraff.* In *Dubin,* the Court arrived at that result even though the insurance policy contained standard language similar to that in the instant case, including the phrase "nor in any event for more than the interest of the insured".

A similar result, on somewhat different facts, was reached in *Northwestern Mutual Ins Co v Jackson Vibrators, Inc,* 402 F2d 37 (CA 6, 1968). In that case, the buyer and seller entered into a land contract, similar to the one in the instant case. The seller, Jackson Vibrators, which had an insurance policy on the property, added the buyers' names to the policy, and charged them for the premiums. The buyers later assigned their interest under the land contract to third parties, who agreed to pay the premiums. The new buyers were not added to the policy. When the building was destroyed by fire, the insurer sought a judgment declaring that its liability was limited to the seller's security interest, since the buyers were not parties to the insurance contract and were unknown to the company.

The Court of Appeals upheld the trial court's ruling that the company was obligated to pay the seller the entire proceeds under the contract, and the seller was obligated to apply the proceeds according to the terms of the land contract, for the benefit of the buyers.

The distinction between the land contract in

*Jackson Vibrators* and the one between the Wilsons and Yorks is that the first required the proceeds of the policy to be used to restore the premises, unless by mutual agreement the proceeds were divided, while in this case, the contract provides:

"[I]n case of loss the insurance, unless by mutual agreement used to repair or rebuild, shall be paid to seller and be endorsed on this contract to the extent of the amount unpaid thereon, and the balance, if any, shall belong to and be paid to buyer."

As in *Updegraff,* there is no evidence in this record to indicate that the insurance premium was less than the usual rate for such a house, and it cannot be said that the risk to the insurer was increased by this transaction. We agree with the trial court that, based on the contract between the buyers and seller, and the fact that the buyers paid the insurance premiums, they are entitled to the proceeds, less the amount of the sellers' interest.

Regarding the household contents, the plaintiffs filed an itemized personal property list with the trial court. It identified the particular items destroyed in the fire, and alleged a gross personal property loss of $4,500. The insured coverage was $3,500. We find that there was support for that portion of the judgment.

The insurer says that the trial court erred in holding that it was not entitled to indemnification from Mrs. York. We agree with the trial court that the indemnification agreement signed by Mrs. York is unsupported by consideration, and therefore void. *Milks v Tritten,* 264 Mich 414; 250 NW 262 (1933).

In lieu of granting leave to appeal, pursuant to

GCR 1963, 853.2(4), we reverse the judgment of the Court of Appeals and reinstate the judgment of the circuit court.

KAVANAGH, C.J., and WILLIAMS, LEVIN, COLE-MAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.