MILLER v VAN KAMPEN

Docket No. 82173. Submitted July 23, 1985, at Detroit. Decided
    August 19, 1986.

Plaintiff, Dorothy Miller, is a land contract vendee of a multiple-
    unit dwelling by virtue of her purchase of the previous land
    contract vendee's interest in the property. Defendant, George
    Van Kampen, is the land contract vendor. The land contract
    provided that the vendee must purchase insurance and must
    maintain the premises and buildings in good condition. The
    property was damaged by fire and a dispute arose as to how the
    proceeds of the fire insurance should be applied. Plaintiff
    thereafter filed a complaint in the Wayne Circuit Court alleg-
    ing that she had a right to use the fire insurance money to
    repair the fire damage. Defendant contended that the insurance
    proceeds should be applied to the balance due on the land
    contract. Both parties filed motions for summary judgment. The
    trial court, Patrick J. Duggan, J., denied defendant's motion
    and granted plaintiff's motion. Defendant appeals from the
    judgment and order entered by the trial court.

    The Court of Appeals *held:*

    1. Where a land contract, such as the one in this case,
    provides that the vendee must purchase insurance and must
    maintain the premises and buildings in good condition and
    where the vendee is not in default, the vendee is entitled to
    apply the insurance proceeds to repairs actually made.

    2. Plaintiff was entitled to a summary judgment as a matter
    of law.

    Affirmed.

REFERENCES

Am Jur 2d, Contracts §§ 240-280.

Am Jur 2d, Vendor and Purchaser §§ 370-374.

Duty of mortgagee of real property with respect to obtaining or
    maintenance of fire or other casualty insurance protecting mort-
    gagor. 42 ALR4th 188.

Requirements as to certainty and completeness of terms of lease in
    agreement to lease. 85 ALR3d 414.

Specific performance of land contract notwithstanding failure of
    vendee to make required payments on time. 55 ALR3d 10.

1. VENDOR AND PURCHASER — INSURANCE — CONTRACTS.

   Whether insurance proceeds are payable to the vendor or the
   vendee of the property insured depends upon the contracts
   entered into by the parties.

2. CONTRACTS — JUDICIAL CONSTRUCTION.

   Contracts should be interpreted to avoid absurd or unreasonable
   results.

3. VENDOR AND PURCHASER — LAND CONTRACTS — FIRE INSURANCE.

   A land contract vendee who is not in default may be found to be
   entitled to apply fire insurance proceeds to repairs actually
   made following a fire where the land contract provides that the
   vendee must purchase fire insurance and must maintain the
   premises and buildings in good condition and the vendee pur-
   chased such insurance.

*E. Donald Gurwin,* for plaintiff.

*Dahlberg, Mallender & Gawne* (by *Robert W. Appleford* and *Howard A. Serlin*), for defendant.

Before: GRIBBS, P.J., and T. M. BURNS and M. WARSHAWSKY,* JJ.

PER CURIAM. Defendant, George Van Kampen, is the land contract vendor of a multiple-unit dwelling in the City of Detroit. Plaintiff, Dorothy Miller, is a land contract vendee of the property by virtue of her purchase of the previous land contract vendee's interest in the property. The property was damaged by fire, and a dispute arose as to how the proceeds of the fire insurance policy should be applied.

Plaintiff filed a complaint in Wayne Circuit Court alleging that she had a right to use the money to repair the building damaged by fire. Defendant contended that the insurance proceeds should be applied to the balance due on the land contract. Plaintiff and defendant filed motions for

---

* Circuit judge, sitting on the Court of Appeals by assignment.

summary judgment. The trial court denied defendant's motion and, at a later date, granted plaintiff's motion for summary judgment. The court entered an order which provided, in pertinent part:

> IT IS HEREBY ORDERED AND ADJUDGED that Plaintiff's Motion for Summary Judgment is hereby granted and that Defendant, George Van Kampen, forthwith endorse CNA Insurance Companies' Draft #1148775 dated July 25, 1984, in the amount of $23,092.22, made payable to George Van Kampen and Dorothy Miller, Land Contract Purchaser, and Globe Fire Adjusters Company, Detroit, Michigan, or successor draft if same has to be reissued.
>
> IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff supply Defendant with a sworn statement of all contractors who made repairs on the building in question and discharge of lien by each party set forth in said sworn statement, to be given in exchange for endorsing said draft.

Defendant appeals, and we affirm.

On appeal, defendant contends that (1) in the absence of a specific agreement as to the application of insurance money received for a loss, the vendor of a land contract is entitled to apply the insurance to the purchase price, (2) the lower court in this case was found by the doctrine of stare decisis to follow the precedent established in *Shaw v Cramton,* 256 Mich 293; 239 NW 366 (1931), and *Bennett v Johnson,* 256 Mich 557; 239 NW 888 (1932), in determining the application of the insurance money received for the loss, and (3) plaintiff's motion for summary judgment should not have been granted because the truth of a material factual assertion of plaintiff's affidavit depended on plaintiff's credibility.

First, we note that *Shaw* and *Bennett* do not

control our decision in this case. In *Shaw,* the vendors were insured by a policy taken out by them before the sale to the vendees. The land contract provided that the vendee should keep the buildings insured with "the loss if any payable to the vendors as their interest may appear." The vendee did not insure the premises, but the vendor had taken out a policy which was still in effect. Thus, the vendee was not entitled to have the insurance used to replace the buildings.

In *Bennett,* plaintiffs, the assignees of the vendee's interest, sold the property to a third party subsequent to a fire. Plaintiffs asked that the insurance money be turned over to them or that it be placed in the hands of a trustee to insure payment on the contract; defendant asked that the insurance be applied to the balance still due on the land contract, and any surplus paid to plaintiffs. Thus, it appears that neither plaintiffs nor defendants sought to use the proceeds to make repairs.

Whether insurance proceeds are payable to the vendor or the vendee depends upon the contracts entered into by the parties. See *Wilson v Fireman's Ins Co of Newark, New Jersey,* 403 Mich 339, 343-344; 269 NW2d 170 (1978), reh den 403 Mich 958 (1978). A contract should be interpreted to avoid an absurd or unreasonable result, *Port Huron Area School Dist v Port Huron Education Ass'n,* 120 Mich App 112, 116; 327 NW2d 413 (1982).

In this case, the land contract provided, in pertinent part:

> 2. (a) THE PURCHASER AGREES to purchase said land and pay the purchase money and interest thereon as above provided, and to keep the buildings now or hereafter on the premises insured against loss or damage by fire by insurance in the

manner and amount approved by the Seller and to deliver the policies as issued to the Seller with the premium fully paid and to pay all taxes and assessments which shall become a lien on the premises after the date hereof within twenty-five days after the same become due and payable and to produce official evidence thereof to the Seller on demand.

\* \* \*

(d) To keep and maintain the premises and the buildings thereon in as good condition as they are at the date hereof and not to commit waste, remove or demolish any improvements thereon, or otherwise diminish the value of the Seller's security, without the written consent of the Seller.

The trial court ruled:

In this case we have the typical land contract arrangement. The land contract before me requires that the vendee keep the property in good repair. The land contract requires that the vendee keep the property insured with regard to repairs.

Well, that would indicate to me that there is an understanding that if the vendee has to keep the property in repair and provide insurance to cover those repairs, that when the insurance proceeds come in, they should be used to apply to those repairs.

I don't know what other reasonable interpretation could be put on that language. In *Shaw* the Court said: There was no stipulation in the contract that it should be so used and after the fire, there was no oral agreement to that effect. In the absence of such an agreement, the vendee had no right to direct his application to that purpose.

Certainly, I can't rule as a matter of law there is no agreement between the parties here. In a summary judgment, I must take the evidence in a light most favorable to the party opposing the summary judgment and give them the benefit of all reasonable inferences.

And I believe that the clear inference is that if a party is obligated to keep some property in repair and is obligated to insure it, buy insurance to provide for those repairs, that there is an implied agreement that the insurance money will be used to make those repairs.

We agree. We hold that, on the facts of this case, where a land contract provides that the vendee must purchase insurance and must maintain the premises and buildings in good condition and where the vendee is not in default, the vendee is entitled to apply the insurance proceeds to repairs actually made. See *Sheridan v Peninsular Savings Bank,* 116 Mich 545, 555; 74 NW 874 (1898).

In addition, we note that defendant's argument that summary judgment was improper because plaintiff's credibility was in issue must be rejected, because plaintiff was entitled to summary judgment as a matter of law.

Affirmed.