## GROSS v. KAY.

1. Equity—Jurisdiction—Cancellation of Instruments—Fraud——Multiplicity of Suits.

Jurisdiction of court of equity may not be curtailed because the same evidence that would justify a decree of cancellation of an instrument for fraud may constitute a defense to an action upon the instrument, thereby preventing a multiplicity of suits.

2. Fraud—Jurisdiction—Choice of Remedy.

Courts of equity have concurrent jurisdiction with courts of law in cases of fraud except where a money decree only is sought, the choice of remedies being with the aggrieved party.

3. Equity—Jurisdiction—Fraud—Cancellation of Instruments—Multiplicity of Suits.

Bill of complaint alleging that defendant vendors of a business fraudulently misrepresented its value to plaintiff for more than its worth and induced him to give them a check for $1,000 as down payment, which they pretended to negotiate to defendant transferee and praying for cancellation of the check and injunction against the transferee from prosecuting his suit at law or assigning his cause of action thereon and from enforcement of payment by all defendants stated a cause of action of which the equity court had jurisdiction, since by suitable pleadings matters arising out of the transaction may be adjudicated as to all parties involved.

Appeal from Wayne; Murphy (George B.), J. Submitted January 10, 1951. (Docket No. 1, Calendar No. 44,824.) Decided April 3, 1951.

Bill by Alex Charles Gross against Joseph M. Kay and others to enjoin prosecution of lawsuit. Bill

References for Points in Headnotes

[1, 3] 9 Am Jur, Cancelation of Instruments, § 7; 19 Am Jur, Equity, § 78.
[2] 24 Am Jur, Fraud and Deceit, § 189.

dismissed on motion of defendant Harry Schwartz, doing business as White Lake Butter & Egg Company. Plaintiff appeals. Reversed and remanded.

*William G. Comb,* for plaintiff.

*Reuben Levin,* for defendant Schwartz.

DETHMERS, J. Plaintiff's bill of complaint alleges that defendants Joseph M. and Virginia Kay by fraudulent misrepresentations induced him to agree to purchase property for more than its worth and to give them a check for $1,000 as down payment; that they pretended to negotiate the check to defendant Schwartz, but that the transfer was a sham intended to defraud plaintiff and that Schwartz is not a holder in due course; that Schwartz has commenced a suit at law against plaintiff on the check. Plaintiff's bill concludes with a prayer for cancellation of the check and for temporary and permanent injunctions restraining Schwartz from prosecuting his suit at law or assigning the check or his cause of action thereon and all defendants from enforcing payment thereof against plaintiff. The trial court issued a temporary restraining order and an order to show cause why a temporary injunction should not issue pending suit. Defendant Schwartz moved to dismiss plaintiff's bill of complaint. After hearing on the order to show cause and motion to dismiss, the court dismissed plaintiff's bill but continued its temporary restraining order pending this appeal taken by plaintiff.

The substance of defendant Schwartz's contention is that plaintiff's bill was properly dismissed because the grounds alleged therein for equitable relief are available to plaintiff as a complete defense to the law action. If this view were to prevail, it is altogether likely that the losing party in the pending

lawsuit would thereafter seek redress by means of another suit at law against the Kays. If such second suit were between Schwartz and the Kays, the matter of the rights between plaintiff and the Kays in relation to the contract of purchase would remain unadjudicated still, a subject of possible further litigation. In the instant chancery suit, however, defendant Schwartz may by cross bill seek collection of the note from plaintiff or, in the alternative, such relief as he may be entitled to against the Kays; the latter, on the other hand, may, by cross bill, pray for specific performance or such other relief as they may conceive themselves entitled to against plaintiff and, at the same time, contest any claim which Schwartz may urge against them. Thus the relative rights of all the parties to the transactions in question may be determined in one action.

"The jurisdiction of equity for cancellation is well settled, and courts cannot curtail such jurisdiction because the same evidence that would justify a decree of cancellation may constitute a defense to an action upon the instrument. The authority to restrain the pending action at law is based upon the equitable jurisdiction to prevent a multiplicity of suits, and this is as well established as any other jurisdiction of equity." *Mactavish* v. *Kent Circuit Judge,* 122 Mich 242, 245.

See, also, *Powers* v. *Fisher,* 279 Mich 442; *Geel* v. *Valiquett,* 292 Mich 1.

It has long been the established rule in this State that, except where a money decree only is sought, courts of equity have concurrent jurisdiction with courts of law in cases of fraud. *Fred Macey Co.* v. *Macey,* 143 Mich 138 (5 LRA NS 1036), and cases therein cited; *Mulheron* v. *Henry S. Koppin Co.,* 221 Mich 187. In such case choice of remedies is with the party aggrieved. *Warren* v. *Holbrook,* 95 Mich 185 (35 Am St Rep 554).

The order dismissing plaintiff's bill of complaint is reversed and the cause remanded for filing such further pleadings as the parties may desire to file and for trial. The temporary restraining order will be continued pending suit. Costs to plaintiff.

Reid, C. J., and Boyles, North, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.