## WEINHARDT *v.* ADDISON COMMUNITY SCHOOLS.

1. APPEAL AND ERROR—MOTION TO DISMISS—PLEADING.

   The Supreme Court considers as true all well-pleaded facts alleged in a bill of complaint on appeal from order granting a motion to dismiss on the pleadings.

2. EQUITY—ADEQUACY OF REMEDY AT LAW—BALANCE DUE UNDER PAINTING CONTRACT—SLANDER—DAMAGES.

   A painting contractor's right to claim damages for balance of sum claimed to be due under contract and for slander by defendant architect as to plaintiff's workmanship is a matter triable at law.

3. SAME—ADEQUACY OF REMEDY AT LAW.

   Generally, a court of equity will not take jurisdiction, where there is an adequate and complete remedy at law.

Appeal from Jackson; Simpson (John), J. Submitted October 15, 1956. (Docket No. 89, Calendar No. 46,791.) Decided February 28, 1957.

Bill by Barney R. Weinhardt and Carl Bird, doing business as Master Decorating Company, against Addison Community Schools, of Addison, Michigan, and Francis A. Faulhaber to enforce payment on contract for decorating, to determine additional damages, and for injunctive relief. Bill dismissed on motion. Plaintiffs appeal. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1]  3 Am Jur, Appeal and Error § 852.
[2, 3]  19 Am Jur, Equity § 101.

*Haskell L. Nichols,* for plaintiffs.

*Keip & Timms,* for defendants.

Edwards, J. This is a chancery action where plaintiffs' bill of complaint was dismissed by the trial court, on defendants' motion, on the pleadings. The trial judge ruled that plaintiffs were not entitled to injunctive relief and that they had an adequate remedy at law. Plaintiffs, appealing, claim otherwise.

Plaintiffs are painting contractors who received a contract with defendant Addison Community Schools. Defendant Faulhaber was the architect employed by the school system to draw the plans and specifications for, and supervise the building of, an elementary school and gymnasium.

The contract in question called for plaintiffs to furnish materials and labor for the painting of the school and gymnasium referred to at a contract price of $7,343. It was a standard American Institute of Architects form and provided for the architect to approve payments before they were made—"He shall certify to the owner when payments under the contract are due and the amounts to be paid."

The contract also provided as follows:

"*Article* 10. *Owner's Right to Terminate the Contract*—Should the contractor neglect to prosecute the work properly, or fail to perform any provision of the contract, the owner, after 7 days' written notice to the contractor, may, without prejudice to any other remedy he may have, make good the deficiencies and may deduct the cost thereof from the payment then or thereafter due the contractor or, at his option, may terminate the contract and take possession of all materials, tools, and appliances and finish the work by such means as he sees fit, and if the unpaid balance of the contract price exceeds the ex-

pense of finishing the work, such excess shall be paid to the contractor, but if such expense exceeds such unpaid balance, the contractor shall pay the difference to the owner."

On a motion to dismiss a bill of complaint, without hearing on the merits, we consider as true all well-pleaded facts alleged therein. *Witt* v. *Tourn-A-Grip Co.,* 330 Mich 151; *Herpolsheimer* v. *A. B. Herpolsheimer Realty Co.,* 344 Mich 657.

In addition to the contract facts above, plaintiffs' allegations include the following:

1. That plaintiffs properly performed the painting required under this contract in accordance with the specifications furnished by defendant Faulhaber.

2. That the paint after being applied "chalked," causing "peeling and scaling."

3. That the peeling and scaling referred to was occasioned by defendant Faulhaber's errors in either paint or mortar specifications, and through no fault of plaintiffs.

4. That defendant Addison Community Schools paid plaintiffs the sum of $5,527.40 up to August 31 of 1955, when defendant Faulhaber sent plaintiffs a letter indicating that if plaintiffs did not apply 2 additional coats of paint defendants would take over the job in pursuance of article 10 of the contract quoted above.

5. Finally, plaintiffs claim that they have suffered and are continuing to suffer harm and injury through defendants' false allegations that plaintiffs have done faulty work.

As relief, plaintiffs' bill of complaint seeks the balance of the sum contemplated by the original contract, and damages in the sum of $5,000 for defamatory remarks concerning plaintiffs' faulty workmanship, and an injunction restraining defendants

from proceeding with the repainting which apparently is required.

The trial judge dissolved the temporary injunction previously issued and dismissed the bill of complaint in a brief opinion, a portion of which is quoted below:

"Under all of the circumstances of the case, the court is of the opinion that this is a matter that should be on the law side of the court and not a matter in chancery. If the plaintiffs have performed their work and done it according to the plans and specifications and the contract entered into the architect cannot arbitrarily withhold his approval of the job. If they have not, why, of course, he can, and that becomes a question for the jury. Therefore, the motion to dismiss and dissolve the injunction is granted."

A careful review of the bill of complaint persuades this Court that the trial judge's decision was correct. Plaintiffs have a right to claim damages under the situation described in their bill of complaint and have the issue of fault as betwixt them and the architect tried as a matter of fact in a suit at law. The same thing may be said in relation to a suit for slander concerning any allegations of false and damaging statements pertaining to workmanship.

The Court is unable to find any equitable ground for restraining defendants from proceeding forthwith to make the necessary correction to the painting of the elementary school and gymnasium.

Plaintiffs cite as a basis for their appeal *Schwaderer v. Huron-Clinton Metropolitan Authority*, 329 Mich 258. This case involved allegations of material misrepresentations in the letting of a contract, claims of mistake and fraud in the signing thereof, and a plea for reformation of said contract. The trial court here was correct in holding that no such allegations are contained in the instant bill of complaint.

Other decisions cited by plaintiffs indicate that this Court has taken equitable jurisdiction of cases involving specific performance (*Wright* v. *Houdaille-Hershey Corporation,* 321 Mich 21; *Jaup* v. *Olmstead,* 334 Mich 614), injunction to restrain enforcement of unconstitutional ordinances (*Ritchie* v. *City of Hamtramck,* 340 Mich 284; *Robyns* v. *City of Dearborn,* 341 Mich 495), fraud and cancellation of an instrument (*Haylor* v. *Griggs-Hanna Lumber & Box Co.,* 287 Mich 127; *Geel* v. *Valiquett,* 292 Mich 1; *Gross* v. *Kay,* 330 Mich 156), or mutual mistake (*Michigan Mutual Liability Co.* v. *Baker,* 295 Mich 237). As stated above, none of these elements is present under a favorable view of plaintiffs' well-pleaded facts.

It is the general rule that where there is an adequate and complete remedy at law a court of equity will not take jurisdiction. *City of Iron Mountain* v. *Iron Mountain Waterworks,* 206 Mich 537; *Marshall* v. *Ullmann,* 335 Mich 66; 19 Am Jur, Equity, §§ 100, 101, pp 107–111.

The order of the trial court dismissing the bill of complaint is affirmed, with costs to the appellees.

DETHMERS, C. J., and SHARPE, SMITH, KELLY, CARR, and BLACK, JJ., concurred.

VOELKER, J., took no part in the decision of this case.