WILSON v FIREMAN'S INSURANCE COMPANY OF NEWARK

Courts—Nonjury Trial—Findings of Fact—Conclusions of Law—Court Rules.

> A trial court in a nonjury trial is required by court rule to find the facts specially and state separately its conclusions of law, thus a case must be remanded where the trial court, in its opinion, failed to set forth either the factual or legal basis for some of its findings essential for its judgment (GCR 1963, 517.1).

Appeal from Saginaw, Fred J. Borchard, J. Submitted Division 3 February 11, 1975, at Lansing. (Docket No. 20206.) Decided March 25, 1975.

Complaint by Clendry and Ruth Wilson against Fireman's Insurance Company of Newark, New Jersey and Christian J. and Esther York for damages for failure to include the plaintiffs as insureds or as payees on an insurance policy. Cross-claim by Fireman's against Esther York on an indemnity agreement, and counterclaim by Esther York against plaintiffs for damages for breach of contract. Judgment for plaintiffs. Defendant Fireman's Insurance Company appeals. Judgment vacated and remanded for further proceedings.

*Joseph J. Trogan,* for plaintiffs.

*Denenberg, Tuffley & Thorpe,* for defendant Fireman's Insurance Company of Newark.

Reference for Points in Headnote
76 Am Jur 2d, Trial § 1258.

*Cicinelli, Mossner, Majoros, Alexander & Harrigan, P. C.,* for defendant Esther York.

Before: ALLEN, P. J., and T. M. BURNS and R. M. MAHER, JJ.

T. M. BURNS, J. On February 28, 1966, plaintiffs purchased property from defendants Christian and Esther York on land contract for $4,500. The land contract provided in part that plaintiff buyers were to insure the premises against loss or damage by fire and that said insurance policy would remain with the sellers. In case of casualty loss, the interest of the seller was to be paid and the balance of any insurance benefits was to belong and be paid to the buyers. Another clause in the land contract provided that if the buyers failed to insure the premises, the sellers could pay the insurance premiums and add the cost of insurance to the unpaid balance of the land contract.

Since the plaintiffs failed to obtain insurance in accordance with the provisions of the land contract, defendants York purchased an insurance policy from defendant Fireman's Insurance Company (hereinafter Fireman's) insuring them against loss and damage by fire in the amount of $6,000 on the dwelling and $3,500 on the contents located therein. The plaintiffs' names were neither added nor endorsed on the policy. In accordance with the provisions of the land contract, the premium for the policy was added to the balance owing under the land contract.

On December 3, 1970, the house and its contents were completely destroyed by fire. Defendant Esther York[1] filed a claim under the policy for loss arising out of the fire, and Fireman's subsequently

---

[1] Christian York died on December 14, 1970, prior to the time that plaintiffs instituted suit.

executed a compromise settlement release in the amount of $2,506.24, this figure representing the amount of her insurable interest in the dwelling. The release contained an indemnity and hold harmless clause concerning any claims upon the proceeds paid by Fireman's.

Plaintiffs instituted suit in damages for their fire loss against both Fireman's and the defendants claiming that they were liable to the plaintiffs because they failed to include the plaintiffs as insured or payees in the insurance policy. Fireman's denied that it had any knowledge of plaintiffs' interest prior to the fire or that there was any privity of contract between it and plaintiffs on the date of the loss. Fireman's also filed a cross-claim against Esther York on the indemnity agreement in the compromise settlement release. Esther York filed a counter-claim against plaintiffs alleging breach of contract.

The case was tried before the court, sitting without a jury, on August 22, 1973. By stipulation of the parties, the matter was to be decided upon the records, depositions and files submitted to the court. On April 12, 1974, the trial court issued its opinion which in pertinent part reads as follows:

"Upon due consideration thereof, this Court finds that the Plaintiffs Wilsons purchased the concerned premises from Defendants Yorks on February 28, 1966, under the terms of a Land Contract. The Land Contract provided for the premises to be insured. The Plaintiffs paid for the policy of insurance obtained by the Defendants York from Defendant Fireman's Insurance Company of Newark, New Jersey, by having the insurance premiums added to the unpaid balance of the Land Contract. The Defendant Fireman's Insurance Company of Newark, New Jersey, did prepare and execute a policy of insurance insuring the building located on the premises for SIX THOUSAND DOLLARS ($6,000.00)

and the household and personal contents of the building for THREE THOUSAND FIVE HUNDRED DOLLARS ($3,500.00). Defendants Yorks never occupied the premises.

"The Plaintiffs suffered the insured losses and damages during the effective period of the policy of insurance. The Defendants Yorks were paid the remaining sum of TWO THOUSAND FIVE HUNDRED SIX DOLLARS and 24/100 ($2,506.24) under the terms of the Land Contract by Defendant Fireman's Insurance Company of Newark, New Jersey. The policy of insurance provided for pro rata liability to the total amount of the insurance stated in the policy of insurance.

"It is the opinion of this Court that the Defendant Fireman's Insurance Company of Newark, New Jersey shall pay to the Plaintiffs, Clendry Wilson and Ruth L. Wilson, the sum of SIX THOUSAND NINE HUNDRED NINETY-THREE DOLLARS and 76/100 ($6,993.76) plus interest and costs to be taxed, and have execution therefore. All other claims by all of the parties herein are denied."

GCR 1963, 517.1 provides in pertinent part as follows:

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusion of law thereon and direct the entry of the appropriate judgment. It will be sufficient if the court makes brief, definite and pertinent findings and conclusions upon the contested matters without over elaboration of detail or particularization of facts."

We have previously commented on the importance of adequate fact finding. In *Nicpon v Nicpon,* 9 Mich App 373, 378; 157 NW2d 464 (1968), we said:

"Clear and complete findings by the trial judge are

essential to enable us properly to exercise and not exceed our powers of review.

" 'We must know what a decision means before the duty becomes ours to say whether it is right or wrong.' Mr. Justice Cardozo, for the Court, in *United States v Chicago, MStP & PR Co,* 294 US 499, 511; 55 S Ct 462, 467; 79 L Ed 1023, 1032 [1935]."

In the case at bar, the trial court failed to comply with the mandates of GCR 1963, 517.1, and we are thus required to set aside the judgment and remand the case to the trial court for further proceedings in compliance with the rule.

A careful review of the trial court's opinion reveals that it failed to set forth either the factual or legal basis for its findings relative to (1) the liability of defendant Fireman's to the plaintiffs under the insurance contract, including the existence or non-existence of privity of contract between Fireman's and plaintiffs on the date of the loss; (2) the basis for its finding that defendant Esther York was not liable to the plaintiffs; or (3) the basis for its finding that defendant Esther York was not liable to defendant Fireman's on the cross-claim for indemnification. Findings of fact and conclusions of law concerning these questions are necessary for a proper review and determination of this case by the Court. The simple statement of decision that "all other claims by all of the parties herein are denied" is insufficient.

Other issues raised by the parties need not be discussed in view of this determination.

The judgment herein is set aside and the case is remanded for further proceedings not inconsistent with this opinion. No costs are awarded as neither party fully prevailed. We do not retain jurisdiction.