WILSON v FIREMAN'S INSURANCE COMPANY OF NEWARK,
NEW JERSEY

1. EQUITY—CONTRACTS—MONEY DAMAGES—BREACH OF CONTRACT—COURTS.

The invocation of a court's equitable powers is inappropriate in an action for money damages based upon a claimed breach of contract.

2. INSURANCE—INTENT OF PARTIES—MUTUAL MISTAKE—CONTRACTS—REFORMATION—THIRD PARTY.

Both parties to an insurance contract must share a specific intent to justify reformation of the contract to give effect to that intent; that one of the parties and a stranger to the contract intended its terms to be different than set forth in the contract of insurance is not sufficient to justify applying the doctrine of mutual mistake.

3. INSURANCE—ASSUMPTION OF RISK.

An insurer cannot be held liable on a risk which it did not elect or choose to assume.

4. INSURANCE—JUDGMENT—EVIDENCE—CONTRACTS—PROOF OF OBLIGATION.

A trial court may not award a recovery under an insurance contract for loss of contents of an insured dwelling where no evidence establishing such a loss was presented at trial and no contractual obligation for such an award was properly proved.

5. INDEMNITY—CONTRACTS—INDEMNIFICATION AGREEMENTS—CONSIDERATION.

An indemnification agreement which is unsupported by consideration is void.

REFERENCES FOR POINTS IN HEADNOTES

[1] 27 Am Jur 2d, Equity § 112.
[2] 43 Am Jur 2d, Insurance § 358.
[3] 17 Am Jur 2d, Contracts § 145.
[4] 44 Am Jur 2d, Insurance § 1454 *et seq.*
[5] 41 Am Jur 2d, Indemnity § 7.

Appeal from Saginaw, Fred J. Borchard, J. Submitted October 11, 1977, at Lansing. (Docket No. 77-395.) Decided January 23, 1978. Leave to appeal applied for.

Complaint by Clendry and Ruth Wilson against Fireman's Insurance Company of Newark, New Jersey, and Christian J. and Esther York for damages for failure to include the plaintiffs as insureds or as payees on an insurance policy. Cross-claim by Fireman's against Esther York on an indemnity agreement, and counterclaim by Esther York against plaintiffs for damages for breach of contract. Judgment for plaintiffs. Defendant Fireman's Insurance Company appealed. Judgment vacated and remanded for further proceedings, 60 Mich App 76 (1975). On remand, judgment for plaintiffs. Defendant Fireman's Insurance Company appeals. Reversed.

*Joseph J. Trogan,* for plaintiffs.

*Denenberg, Tuffley & Thorpe* (by *Charles R. Tuffley* and *Ilene Gordon),* for defendant.

Before: DANHOF, C. J., and ALLEN and H. L. HEADING,* JJ.

H. L. HEADING, J. Fireman's Insurance Company brings this appeal from a judgment of the trial court awarding plaintiffs $6,993.76 under a contract of insurance between the insurance company and defendants Christian and Esther York. This case was previously before us on appeal, and was remanded to the trial court for findings of fact and conclusions of law as mandated by GCR 1963, 517.1, *Wilson v Fireman's Insurance Company of*

---

* Detroit Recorder's Court judge, sitting on the Court of Appeals by assignment.

*Newark, New Jersey,* 60 Mich App 76; 230 NW2d 315 (1975). Defendant insurance company now alleges several errors in those findings of fact and conclusions of law.

On February 28, 1966, plaintiffs entered into a land contract to purchase a certain house from defendants Christian and Esther York for a total price of $4,500. The contract contained a provision requiring plaintiffs to insure the premises against fire for the benefit of sellers, any proceeds from that insurance to be paid to sellers and applied against the balance due on the land contract. The contract further provided that if the buyers failed to maintain insurance, the sellers could obtain insurance and add the amount of the premium to the balance owed on the land contract. Plaintiffs never obtained insurance coverage, and the Yorks continued the policy in effect at the time the land contract was entered into, adding the cost to the balance of the land contract. The policy limits were $6,000 on the house and $3,500 on its contents.

On December 3, 1970, the house and its contents were destroyed by fire. On September 26, 1971, the insurance company paid Mrs. York (Mr. York having died on December 14, 1970) the sum of $2,506.24 in payment of her claim under the insurance policy, representing the value of her interest in the insured property. Before receiving payment on the policy, Mrs. York was required to sign an agreement indemnifying the insurance company against claims by plaintiffs and by the estate of her husband, Christian York, to the insurance proceeds paid her.

Subsequently, plaintiffs filed this lawsuit against the insurance company and Mrs. York claiming a right to payment under the contract of insurance

between the Yorks and the insurance company for the loss they suffered through the destruction of the subject property by fire. By stipulation of the parties, the case was submitted to the trial court, sitting without a jury, for decision on the pleadings, depositions and exhibits.

In his findings of fact and conclusions of law, the trial court articulated the basis for his judgment in part as follows:

"The Insurance Company may not withhold payment of the full amount of the policy, merely because the Land Contract vendor's insurable interest in the property did not equal the amount of the policy benefits. The Insurance Company was required to pay the full benefits to the vendors who then hold the remaining amount in a constructive trust for the benefit of the vendee. Since this is an equitable action, it is unnecessary at this time to require payment to the vendor, but this Court will order payment of the balance owed to be paid to the vendee. Defendant's position that they are not required to make such a payment because they have no privity of Contract with the vendee is inapplicable in the instant case, because the vendees were third party beneficiaries. This was clearly a mistake on the part of the insuring vendors, since they had a Contract with the vendee, and equity may intervene to carry out the intent of the parties, the Insurance Company would not have changed its policy if they had known, but would have provided for a division of proceeds. Therefore the Insurance Company cannot claim they are prejudiced by the result. Since the vendee had paid for the Contract they are entitled to the proceeds, less the amount of the vendor's insurable interest in the property."

It appears that the trial court concluded that the policy of insurance covered not merely the York's interest in the insured premises, but all interests therein to the full value of the property

up to the limits of liability set out in the policy; that the Yorks intended that plaintiffs' interest be protected under their policy; and that the fact that the premiums were charged to plaintiffs under the terms of the land contract gives them an equitable interest in the proceeds.

We note first of all that plaintiffs based their claim on contract, asking only for money damages, and that the trial court's invocation of his equitable powers was inappropriate to this action. *Weinhardt v Addison Community Schools,* 347 Mich 683; 81 NW2d 240 (1957), *Arnold v Ellis,* 5 Mich App 101; 145 NW2d 822 (1966).

As to the trial court's conclusion that the insurance policy issued to the Yorks covered not only their interest, but also plaintiffs' interest in the subject property, the evidence is to the contrary. In a memorandum of insurance issued by the insurance company, the following appears:

"[F]or the term of years specified above from inception date shown above At Noon (Standard Time) to expiration date shown above At Noon (Standard Time) at location of property involved, to an amount not exceeding the amount(s) above specified, does insure the insured named above and legal representatives, to the extent of the actual cash value of the property at the time of the loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss, without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair, and without compensation for loss resulting from interruption of business or manufacture, *nor in any event for more than the interest of the insured,* against all DIRECT LOSS BY FIRE, LIGHTNING AND BY REMOVAL FROM PREMISES ENDANGERED BY THE PERILS INSURED AGAINST IN THIS POLICY, EXCEPT AS HEREINAFTER PROVIDED, to the property

described herein while located or contained as described in this policy, or pro rata for five days at each proper place to which any of the property shall necessarily be removed for preservation from the perils insured against in this policy, but not elsewhere." (Emphasis supplied.)

There is nothing in the record to indicate that defendant Fireman's Insurance intended to extend its coverage beyond the limits set out above.

Neither is there clear evidence that defendants York intended to purchase insurance for anything beyond their own interest. A letter from Mrs. York to plaintiffs, dated November 24, 1970, is offered by plaintiffs as evidence that Mrs. York believed that plaintiffs' interest in the subject property was insured. In the letter, Mrs. York urges plaintiffs to obtain insurance coverage, noting that the policy maintained by the Yorks would expire on December 4, and that plaintiffs would not be covered thereafter. She goes on to warn that if a loss occurred, plaintiffs would lose their entire investment. Although this might be interpreted as plaintiffs suggest, it is equally likely that Mrs. York intended to warn plaintiffs that they were about to lose even the limited benefit provided by the Yorks' insurance, any proceeds from which would be applied to reduce the land contract balance. In the absence of other evidence that defendants York intended to insure plaintiffs' interest, the latter interpretation of the letter seems most plausible.

Moreover, even if there were sufficient evidence to establish an intent on the part of the Yorks to insure plaintiffs' interest, it was not the intent of the insurance company to do so, and the insurance company cannot be charged with a duty to carry out the Yorks' intent absent, at a minimum,

knowledge of that intent. The insurance company, however, denies any knowledge whatsoever of the plaintiffs or their interest in the property. Plaintiffs, on the other hand, allege only that they knew of the existence of the insurance policy and believed that it covered their interest. To justify reformation of the insurance contract to give effect to the intent of the parties, both parties must share that intent. The court was, in effect, applying the doctrine of mutual mistake, *Kidder v Collum*, 61 Mich App 281; 232 NW2d 384 (1975). That one party and a stranger to the contract intended its terms to be different than set forth in the contract of insurance is not sufficient. Thus, the trial court's finding that the insurance policy should be reformed to give effect to the intent of the parties is clearly erroneous.

Finally, the trial court found that the fact that plaintiffs were required under the terms of the land contract to pay the cost of the premiums on the insurance policy gave them an equitable interest in the proceeds, and on that basis awarded plaintiffs the excess of the policy limits over the amount paid Mrs. York for her interest. Whatever plaintiffs' claim to the proceeds payable under the insurance policy, a matter governed by the terms of the land contract, their interest is derivative of the interest of the named insured and cannot be imposed as an additional liability on the insurance company. "It is elementary that an insurer cannot be held liable on a risk which it did not elect or choose to assume." *Consolidated Mortgage Corp v American Security Insurance Co,* 69 Mich App 251, 256; 244 NW2d 434 (1976).

As to that portion of the award to plaintiffs which represented recovery for loss of the contents of the dwelling, we note that no evidence establish-

ing such a loss was presented at trial. Therefore, this portion of the recovery was barred by lack of proof as well as lack of contractual obligation.

The judgment in favor of plaintiffs must be reversed, and a judgment of no cause for action entered. In view of the result reached, we find it unnecessary to consider defendant Fireman's Insurance Company's claim that the trial court erred in holding that the insurance company was not entitled to indemnification from Mrs. York. We note, however, that the indemnification agreement signed by Mrs. York appears to be unsupported by consideration and therefore void, *Milks v Tritten,* 264 Mich 414; 250 NW 262 (1933).

Defendant York in her brief asks us to remand to the trial court for a determination of her counterclaim against plaintiffs, alleging that the trial court erred in failing to rule on her counterclaim. The claim of error, however, is not properly before this Court because defendant York failed to file a claim of appeal. We therefore decline to consider it.

Reversed. Costs to appellant.